J-S32019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIE J. LEE | |
| Appellant | No. 2375 EDA 2015 |

Appeal from the Judgment of Sentence July 1, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-MD-0000690-2015

BEFORE: BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED MAY 10, 2016**

Appellant, Marie J. Lee, appeals from the judgment of sentence of 45 to 90 days' incarceration, imposed by the trial court after it convicted Appellant of contempt[1] for failure to appear at a bench warrant hearing.[2] After careful review, we reverse.

On July 1, 2015, Appellant appeared in Philadelphia Municipal Court, where she was found to be in criminal contempt for failing to appear at a bench warrant hearing on June 12, 2015. She was sentenced to 45 to 90

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. § 4132(2).

[2] This is a direct appeal from the Philadelphia Municipal Court pursuant to 42 Pa.C.S.A. § 1123(a.1).

days' incarceration. Appellant filed a post-sentence motion to vacate sentence, which was denied on July 15, 2015. Appellant filed a timely notice of appeal on July 30, 2015.[3]

On appeal, Appellant raises the following issue for our review.

> Was not the evidence insufficient to support the lower court's finding of criminal contempt where the Commonwealth presented no evidence on the record that [A]ppellant (1) failed to abide by a specific and definite order, (2) had notice of the court order, and (3) acted with wrongful intent?

Appellant's Brief at 3.

Appellant was convicted under the Judicial Code, the relevant portion of which provides as follows.

> **§ 4132. Attachment and summary punishment for contempts**
>
> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> ...
>
> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

42 Pa.C.S.A. § 4132(2).

_____

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

We are mindful that "[w]hen reviewing a contempt conviction, much reliance is given to the discretion of the trial judge. Accordingly, we are confined to a determination of whether the facts support the trial court's decision." *In re C.W.*, 960 A.2d 458, 466 (Pa. Super. 2008) (citation omitted). "In cases of direct criminal contempt, that is, where a contumacious act is committed in the presence of the court and disrupts the administration of justice, an appellate court is confined to examination of the record to determine if facts support the trial court's decision; however, the trial court's discretion is not unbridled." *Commonwealth v. Jackson*, 532 A.2d 28, 31-32 (Pa. Super. 1987). "Further, unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven. Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt." *In re C.W.*, *supra* at 467 (citation omitted).

Here, the Commonwealth concurs with Appellant, stating, "[t]he record contains no evidence that [Appellant] received notice of any order requiring her presence in court on June 12, 2015. Therefore, the Commonwealth does not oppose vacating her contempt conviction for failing to appear on that date." Commonwealth's Brief at 4. Our review of the notes of testimony supports the parties' agreement.

At the outset, we note that the transcribed hearing consists of six pages, with only three pages of substantive content. The Commonwealth

asked the Municipal Court "for a contempt sentence." N.T., 7/1/15, at 3.

Appellant's counsel responded as follows.[4]

> (Audio not coherent) and object to the contempt. [Appellant] did not intend to obstruct the proceeding. (Incoherent) serious mental health issues. She attended – Fairmount Behavior Health Systems from the 23rd of May to the 2nd of June. She was in their treatment center from June 2 to June 8. I confirmed that with the (inaudible) and also confirmed that upon her leaving on June 8th, she enrolled in the Divine Life Shelter, at 40th and Germantown Avenue and she has been there ever since. She presents with a number of mental health issues, bipolar disorder, depression, anxiety, post traumatic stress from a (inaudible) where she was the victim. She bore a child and that child passed away in June of last year. She no money [sic] to make bail, (inaudible) so I ask that she not be found in contempt but I ask for SOB in this case.

*Id.* at 3-4. The record additionally indicates that Appellant was present, but did not testify. *See id.* at 4 (Municipal Court advising Appellant that she was being found guilty of contempt and sentencing Appellant to 45 to 90 days' incarceration and bail of $5,000).

Based on the foregoing, we agree with Appellant and the Commonwealth that there is no record evidence to establish Appellant's "intentional disobedience of the lawful process" to support Appellant's conviction of contempt beyond a reasonable doubt. *In re C.W., supra*.

---

[4] In addition to the five instances referenced in Appellant's counsel's commentary below, the transcript contains one additional notation of "very poor audio," and six more notations of "inaudible." *Id.* at 2-4.

Accordingly, we reverse the July 1, 2015 judgment of sentence and order Appellant discharged.

Judgment of sentence reversed. Appellant discharged. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016